**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIM THEROS, | No. 11-35198 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02021-JCC |
| v. | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, a California Corporation; WELLS FARGO BANK, NA, a.k.a. Wachovia Mortgage, FSB, a division of Wells Fargo Bank, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Jim Theros appeals pro se from the district court's summary judgment in his

diversity action arising from foreclosure proceedings.  We have jurisdiction under

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Pardi v. Kaiser Permanente Hosp., Inc.*, 389 F.3d 840, 848 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Theros's wrongful foreclosure claim because Theros failed to introduce evidence sufficient to raise a genuine dispute of material fact as to whether Wells Fargo Bank, NA held the promissory note and deed of trust. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Theros's request for additional discovery because Theros failed to satisfy the requirements of Fed. R. Civ. P. 56(d). *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and requirements under former Rule 56(f)).

Wells Fargo's request for judicial notice, filed on September 26, 2011, is denied.

Theros's motion to file a supplemental reply brief is granted, and the Clerk is directed to file the supplemental reply brief received on November 4, 2011.

We do not consider on appeal materials that were not before the district court. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (a party generally may not add to or enlarge the record on appeal to include material that was not before the district court).

**AFFIRMED.**